FILED
September 15, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002088691

DENNIS M. CAMPOS, SBN 050234
GOLDSBERRY, FREEMAN & GUZMAN, LLP
777 12th Street, Suite 250
Sacramento, CA 95814
Telephone: (916) 448-0448

Attorneys for Creditor
GLENN GROWERS

IN THE UNITED STATES BANKRUPTCY COURT

FOR EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

| | |
|---|---|
| In re<br><br>California Storage Construction, Inc.,<br><br>Debtor. | Chapter 7<br>Case No. 09-33765-A-7.<br>DC No. DMC-1<br>**AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER LIFTING STAY**<br><br>Date: 10/26/09<br>Time: 9:00 a.m.<br>Dept: 7th Floor, Ctrm 28<br>Judge: Hon. Michael J. McManus |

I, DENNIS M. CAMPOS, declare:

I am an attorney licensed to practice in the State of California and in the United States District Court, Eastern District of California. I represent GLENN GROWERS in a lawsuit that is pending in Glenn County Superior Court, Case No. 07CV00516. Attached hereto as Exhibit A is a copy of the Cross-Complaint filed on behalf of GLENN GROWERS.

In that lawsuit, GLENN GROWERS seeks to recover damages from CALIFORNIA STORAGE CONSTRUCTION, INC. and other parties. The lawsuit arises from the construction of three (3) grain storage bin silos which sunk and tilted and damaged and destroyed all of the mechanical systems attached thereto. The amount in controversy is in excess of Two Million Dollars ($2,000,000.00). Attached hereto as Exhibit B is a copy of Notice of Bankruptcy purportedly filed on behalf of CALIFORNIA STORAGE CONSTRUCTION, INC. in the Glenn County Superior Court action which was misdirected to my old law firm despite the filing of a Substitution of Attorneys in the Glenn County action and provided to me by counsel for one of the

other parties to the Glenn County litigation.

It is respectfully requested that this Court lift the Automatic Stay Order so that GLENN GROWERS can proceed in the Glenn County Superior Court action to sever CALIFORNIA CONSTRUCTION, INC., and then proceed on its Cross-Complaint as to the other parties in that lawsuit. There would be no further action as to CALIFORNIA STORAGE CONSTRUCTION, INC. pending further order of this Court.

Executed on September 15, 2009, at Sacramento, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
DENNIS M. CAMPOS

EXHIBIT A

DENNIS M. CAMPOS (SBN 050234)
RIEGELS CAMPOS & KENYON LLP
2500 Venture Oaks Way, Suite 220
Sacramento, CA 95833
Telephone: (916) 779-7100

Attorneys for Defendant and
Cross-Complainant GLENN GROWERS

CONFORMED
TINA M. BURKHART
GLENN COUNTY
OCT 0 9 2007
CEO/CLERK OF THE SUPERIOR COURT
BY NORMA RAYGOZA DEPUTY

CONSOLIDATED SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF GLENN

| | |
|---|---|
| CALIFORNIA STORAGE CONSTRUCTION, CALIFORNIA STORAGE CONSTRUCTION, INC., individually and dba VALLEY FABRICATING & STEEL and VALLEY FABRICATING, INC.<br><br>Plaintiff,<br><br>vs.<br><br>GLENN GROWERS, a California corporation; and DOES 1 through 20, inclusive<br><br>Defendant and Cross-Complainant. | No. 07CV00516<br><br>**CROSS-COMPLAINT FOR DAMAGES:**<br><br>**BREACH OF CONTRACT**<br><br>**NEGLIGENCE**<br><br>**PROFESSIONAL NEGLIGENCE** |
| GLENN GROWERS, a California corporation;<br><br>Cross-Complainant<br><br>vs.<br><br>CALIFORNIA STORAGE CONSTRUCTION, INC., CALIFORNIA STORAGE CONSTRUCTION, INC., dba VALLEY FABRICATING & STEEL, VALLEY FABRICATING, INC., TABOR CONSULTANTS and DOES 1 through 20, inclusive,<br><br>Cross-Defendants. | |

- 1 -

CROSS-COMPLAINT FOR DAMAGES

Cross-Complainant alleges:

# FIRST CAUSE OF ACTION

# BREACH OF CONTRACT

1. Cross-Complainant is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Glenn, State of California.

2. The true names and capacities of Cross-Defendants named herein as Does 1 through 20, inclusive, are unknown to Cross-Complainant who, therefore, sues these Cross-Defendants pursuant to the provisions of Code of Civil Procedure §474 by such fictitious names. Cross-Complainant will amend this Cross-Complaint to allege true names and capacities when the same have been ascertained. Cross-Complainant is informed and believes, and thereon alleges, that each of the fictitiously named Cross-Defendants is legally responsible for the acts and occurrences herein alleged and that the damages claimed were the legal result of such actionable conduct of each Cross-Defendant.

3. Cross-Complainant is informed and believes, and thereon alleges, that at all times herein mentioned, each Cross-Defendant was the agent, employee or joint venturer of the other Cross-Defendants, and in doing the things alleged, was acting within the course and scope of such agency, employment or joint venture. Each Cross-Defendant has authorized, ratified and approved the acts of each remaining Cross-Defendant.

4. During the times mentioned herein, Cross-Defendants were doing business in the State of California, including the County of Glenn.

5. On or about February 22, 2005, Cross-Complainant and Cross-Defendant, CALIFORNIA STORAGE CONSTRUCTION, INC., entered into a written contract pursuant to which CALIFORNIA STORAGE CONSTRUCTION, INC., as contractor, undertook to furnish all labor and materials to construct and complete in a good, workmanlike and substantial manner concrete slip form silos and other related equipment as set forth in **Exhibit**

1, which is attached hereto and incorporated by reference, which contract was entered into in Glenn County, the terms of which were to be performed in Glenn County, on and at property located in Glenn County.

6. By said contract, Cross-Defendants undertook the duty and obligation to careful examine and ascertain the nature and location of the project; the condition of the ground on which the project was to be erected; the character, quality and quantity of the materials, equipment and facilities necessary to complete the project; and all other matters that in any way could affect the performance of the contract by Cross-Defendants.

7. Complainant has performed all conditions and promises under the agreement on its part except as to matters excused from performance as a result of breach of contract and other actionable conduct of Cross-Defendants and each of them.

8. Cross-Defendant California Storage Construction, Inc., and remaining Cross-Defendants acting in concert have breached the contract because they failed to furnish all labor and materials to construct and complete in a good, workmanlike and substantial manner concrete slip formed silos and other related equipment and failed to have the project ready to receive and store rice by no later than August 31, 2005.

9. Cross-Defendant, California Storage Construction, Inc., and the remaining Cross-Defendants acting in concert breached the obligation to carefully examine the nature and location of the project; the condition of the ground on which the project was to be erected; the character, quality and quantity of the materials, equipment and facilities necessary to complete the project; the general and local conditions pertaining to the project; and all other matters that would in any way affect the performance of the contract.

10. As the result of the acts and omissions of Cross-Defendants, Cross-Complainant has been damaged by the failure of Cross-Defendants to timely complete and present the project for use and by the failure by Cross-Defendants to construct and complete in a good, workmanlike or substantial manner the concrete silos and equipment related thereto. The structures have sunk and tilted and the mechanical equipment thereto deformed, detached and was rendered inoperable.

- 3 -

11. Despite the reasonable efforts of Cross-Complainant to mitigate its damages, Cross-Complainant has sustained damages as the legal result of breach of contract by cross-defendants in an amount not yet ascertained but continuing to increase and in a minimum amount in excess of $1-million.

12. Cross-Complainant is entitled to recover its attorneys fees and costs herein.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

13. Cross-Complainant incorporates by reference all allegations in Paragraph 1 through 12 of the Cross-Complaint set forth above.

14. On or about February 22, 2005, Cross-Complainant and Cross-Defendants, California Storage Construction, Inc., dba Valley Fabricating & Steel and Valley Fabricating, Inc., entered into a written contract for fabrication and installation in a good, workmanlike and substantial manner the equipment related to the new concrete silos to be constructed by California Storage Construction, Inc., as set forth in **Exhibit 2** attached hereto and incorporated by reference, which contract was entered into in Glenn County, to be performed in Glenn County on property located in Glenn County.

15. By this contract, Cross-Defendants undertook by careful examination to ascertain: The nature and location of the project; the condition of the ground on which the project was to be erected; the character, quality and quantity of the materials, equipment and facilities necessary to complete the project; the general and local conditions pertaining to the project; and all other matters that in any way could affect the performance of the contract by Cross-Defendants.

16. Cross-Complainants have performed all conditions, covenants and promises under this written contract except those excused because of the breach of contract and violation of legal duties by Cross-Defendants.

17. Cross-Defendant Valley Fabricating and Steel, Cross-Defendant Valley Fabricating, Inc., and remaining Cross-Defendants acting in concert breached the contract by having failed to furnish all labor and materials for construction and completion in a good,

- 4 -

workmanlike and substantial manner, equipment related to the new concrete silos identified above.

18. Cross-Defendant Valley Fabricating and Steel, Cross-Defendant Valley Fabricating Inc., and remaining Cross-Defendants acting in concert breached their obligation to carefully examine the nature and location of the project; the condition of the ground on which the project was to be erected; the character, quality and quantity of the materials, equipment and facilities necessary to complete the project; the general and local conditions pertaining to the project; and all other matters that would in any way affect the performance of the contract.

19. As the result of the acts and omission of Cross-Defendants in breaching contractual and other legal obligations, Cross-Complainant has been damaged by the failure of Cross-Defendants to timely complete and present the project for use and by the failure of Cross-Defendants to install in a good, workmanlike or substantial manner equipment relating to the concrete silos.

20. Despite its reasonable efforts to mitigate damages, Cross-Complainant has sustained damages as the legal result of breach of contract and violation of other legal duties by Cross-Defendants in an amount not yet ascertained but continuing to increase and in a minimum amount in excess of $1-million.

21. Cross-Complainant is entitled to attorneys fees and costs.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

22. Cross-Complainant incorporates by reference the allegations set forth in Paragraph 1 through 21 above.

23 In establishing the relationship with Cross-Complainant, Cross-Defendants undertook a legal duty to perform their obligations in conformance with the standard of care imposed by law.

24. Cross-Defendants negligently and wrongfully performed their activities such that the concrete grand silos experienced subsidence and tilting and the mechanical equipment attached thereto became inoperable.

25. As the legal result of negligence and otherwise actionable conduct of Cross-Defendants, Plaintiff has been damaged by loss of use of the silos, costs incurred in investigating and in attempting to mitigate damages, attorneys fees defending against this spurious complaint filed on behalf of Plaintiffs, and prosecuting a Cross-Complaint for damages in amounts not yet ascertained but all of which are in excess of $1-million.

## FOURTH CAUSE OF ACTION
## PROFESSIONAL NEGLIGENCE

26. Cross-Complainant incorporates the allegations set forth in Paragraphs 1 through 25 set forth above.

27. Cross-Defendant TABOR CONSULTANTS holds itself out as an entity with engineers and geologists providing geotechnical engineering services, site review, soils testing and grading observation.

28. Cross-Defendant TABOR CONSULTANTS undertook to provide professional services to carefully examine and ascertain the nature and location of the project; the condition of the ground on which the project was to be erected; the character, quality and quantity of the soil; the general and local soil and geotechnic conditions pertaining to the project; and other matters that would affect the construction and performance of the project.

29. Cross-Defendants and each of them undertook their obligations solely because of the results of their examination of these matters and not because of any representation pertaining to the project or completion of the project made by Cross-Complainant or any agent of Cross-Complainant.

30. Cross-Complainant paid TABOR CONSULTANTS directly for its professional services.

31. Cross-Defendant, TABOR CONSULTANTS negligently and wrongfully discharged its obligations and failed to reasonably investigate and provide recommendations

concerning the subject project, failed to comply with the applicable standard of care, and thereby caused damages to Cross-Complainant in an amount not yet ascertained but in excess of $1-million and increasing.

WHEREFORE, Cross-Complainant prays for judgment on each cause of action as follows:

1. Damages according to proof in excess of $1-million;
2. Damages for loss of use and loss profits;
3. Reimbursement for costs incurred in attempting to mitigate damages according to proof;
4. Attorneys fees;
5. Interest on damages experienced by Cross-Complainant at the legal rate from the time of breach of contract and continuing;
6. Costs of suit.
7. For such other relief as the Court deems proper.

Dated: October 5, 2007

RIEGELS CAMPOS & KENYON LLP

By _____
DENNIS M. CAMPOS
Attorney for Defendant and
Cross-Complainant

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Riegels, Campos & Kenyon, LLP, 2500 Venture Oaks Way, Suite 220, Sacramento, CA 95833. On the date set forth below, I served the following document(s) by the method indicated below:

**CROSS-COMPLAINT FOR DAMAGES:
BREACH OF CONTRACT, NEGLIGENCE AND PROFESSIONAL NEGLIGENCE**

☐ by transmitting via facsimile on this date from fax number (916) 779-7120 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

DAVID J. MURRAY  Attorney for Plaintiffs
Law Offices of David J. Murray
341 Broadway, Suite 407
Chico, CA 95928

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 5, 2007, at Sacramento, California.

*/s/ Elizabeth M. Sandoval*
ELIZABETH M. SANDOVAL

EXHIBIT B

Douglas B. Jacobs, 084153
JACOBS, ANDERSON, POTTER & CHAPLIN
20 Independence Circle
Chico, CA 959723
Phone: 530-342-6144
Fax: 530-342-6310

Attorney for CALIFORNIA STORAGE
CONSTRUCTION, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF GLENN

| | |
|---|---|
| In re:<br><br>CALIFORNIA STORAGE CONSTRUCTION, CALIFORNIA STORAGE CONSTRUCTION, INC., individually and dba VALLEY FABRICATING & STEEL, and VALLEY FABRICATING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLENN GROWERS, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendant and Cross Complainant.<br><br>AND RELATED CROSS-ACTIONS. | Case No: 07CV00516<br><br>**NOTICE OF BANKRUPTCY** |

To: The court and the parties herein:

NOTICE IS HEREBY GIVEN that defendant **CALIFORNIA SORAGE CONRUCTION, INC.** has filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California, a copy of page one of the bankruptcy petition is attached hereto as Exhibit A and incorporated herein by this reference, thereby invoking the provisions of the automatic stay under Section 362 of the Bankruptcy code 11 U.S.C.

Debtor's Name: California Storage Construction, Inc.

Bankruptcy Case No: 09-33765

Date Petition filed:    7/02/09

Dated: July 2, 2009

_____
Douglas B. Jacobs, attorney for CALIFORNIA STORAGE CONSTRUCTION, INC.

EXHIBIT A

B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Eastern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**California Storage Construction, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **68-0038451** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2288 Ivy Street**<br>**Chico, CA**<br>ZIPCODE **95928** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Butte** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**2288 Ivy Street, Chico, CA**     ZIPCODE **95928** | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
- [x] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] Over 100,000

**Estimated Assets**
- [x] $0 to $50,000
- [ ] $50,001 to $100,000
- [ ] $100,001 to $500,000
- [ ] $500,001 to $1 million
- [ ] $1,000,001 to $10 million
- [ ] $10,000,001 to $50 million
- [ ] $50,000,001 to $100 million
- [ ] $100,000,001 to $500 million
- [ ] $500,000,001 to $1 billion
- [ ] More than $1 billion

**Estimated Liabilities**
- [ ] $0 to $50,000
- [ ] $50,001 to $100,000
- [x] $100,001 to $500,000
- [ ] $500,001 to $1 million
- [ ] $1,000,001 to $10 million
- [ ] $10,000,001 to $50 million
- [ ] $50,000,001 to $100 million
- [ ] $100,000,001 to $500 million
- [ ] $500,000,001 to $1 billion
- [ ] More than $1 billion

EXHIBIT **A**
PAGE **1** OF **1**

2009-33765
FILED
July 02, 2009
8:05 AM
RELIEF ORDERED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001932140

Re: CALIFORNIA STORAGE CONSTRUCTION, et al. v. GLENN GROWERS, et al.
Case No: 07CV00516

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Butte. I am over the age of 18 years and not a party to the within action; my business address is 20 Independence Circle, Chico, CA 95973. On this date, July 2, 2009, I served the foregoing document(s) described as:

*Notice of Bankruptcy*
*Exhibit "A"*

on the parties below by placing a true copy thereof in a sealed envelope and served same on the parties/counsel, addressed as follows:

HANSON, BRIDGETT, MARCUS, VLAHOS & RUDY, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

RIEGELS CAMPOS & KENYON LLP
2500 Venture Oaks Way, Suite 220
Sacramento, CA 95833

The following is the procedure in which service of the document was effected:

__X__   U.S. Postal Service (placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the mail is deposited in the U.S. mailbox in the City of Chico, California before the close of the day's business).

_____ Federal Express

_____ U.P.S. Next Day Air

_____ FAX

_____ Personal Service

I declare under penalty of perjury that the foregoing is true and correct and this document is executed at Chico, California on July 2, 2009.

*/s/ Bridgette Campbell*
Bridgette Campbell